UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Crystal Bass, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case Number 1:20-cv-2205 |
| | ) |
| Portfolio Recovery Associates, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff brings this action against Defendant to enforce her rights under the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). The Plaintiff is a consumer and the Defendant is a debt collector. While acting as a debt collector, Defendant attempted to collect a consumer debt from Plaintiff. In so doing, Defendant violated the FDCPA. Plaintiff seeks actual and statutory damages from Defendant, along with an appropriate award of costs, litigation expenses, and attorneys' fees.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue in this District is proper under 28 U.S.C. § 1391, as Defendant conducts business in this District and the conduct complained of occurred here.

### PARTIES

4. Plaintiff Crystal Bass (hereinafter referred to as "Bass") is a consumer as defined by 15 U.S.C. § 1692a(3) and is a citizen of the State of Indiana, who resides in the Southern District of Indiana, from whom Defendant attempted to collect a delinquent consumer debt.

5. Defendant Portfolio Recovery Associates, LLC (hereinafter referred to as "PRA") is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses instrumentalities of interstate commerce, the mail and/or the telephone in pursuing its principal business which is to collect, or attempt to collect, delinquent consumer debts.  PRA operates from an address at 120 Corporate Boulevard, Suite 100, Norfolk, VA 23502.  In fact, PRA was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. PRA is a debt collection agency and is authorized to conduct business in Indiana and maintains a registered agent with the State of Indiana.

## FACTUAL ALLEGATIONS

7. The Plaintiff incurred a debt that was primarily for personal, family, or household purposed as defined by §1692a(5).

8. The debt owed by Plaintiff went into default.

9. After the debt went into default, the debt was placed with or otherwise transferred to Defendant for collection.

10. The Plaintiff disputes the debt.

11. On April 15, 2020, Bass, via counsel, mailed a letter to PRA indicating that Bass disputed the debt.  A copy of the letter is attached hereto as Exhibit "A".

12. On or about August 18, 2020, Bass reviewed her Equifax credit report.

13. On August 18, 2020, PRA was continuing to report the debt without indicating that the debt was disputed. An excerpt of Bass' credit report is attached hereto as Exhibit "B".

14. The Equifax credit report indicates that PRA last reported or verified on August 8, 2020.

15. Bass is and has been confused, concerned and worried about the incorrect reporting of the disputed debt on her credit report.

16. PRA's violation of the FDCPA is material because PRA's failure to update Bass' credit report and note that the debt was disputed impaired her credit rating and her ability to obtain credit. Moreover, PRA's failure to report that the debt was disputed would make an unsophisticated consumer believe that he or she did not have the rights Congress had granted under the FDCPA. It would also cause an unsophisticated consumer to alter his or her course of action to avoid further harassment. This violation of the FDCPA is sufficient to show an injury-in-fact.

17. Defendant's collection actions and communications are to be interpreted under the "unsophisticated consumer" standard. *See*, *Gammon v. GC Services, Ltd. Partnership*, 27F.3d 1254, 1257 (7th Cir. 1994).

## VIOLATION OF § 1692e(8) OF THE FDCPA – FAILURE TO COMMUNICATE THAT A DEBT IS DISPUTED

18. Bass adopts and realleges Paragraphs 1 – 17.

19. Section 1692e(8) of the FDCPA prohibits a debt collector from communicating or threatening to communicate to any person credit information which is known or should be known to be false, including the failure to communicate that a disputed debt is disputed. S*ee*, 15 U.S.C. § 1692e(8).

20. PRA was aware that Bass disputed the debt.

21. By communicating incorrect information to the credit reporting agency, PRA violated § 1692e(8) of the FDCPA.

22. PRA's violation of §1692e(8) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. *See*, 15 U.S.C. § 1692k.

## VIOLATION OF § 1692d OF THE FDCPA-
## HARASSMENT OR ABUSE

23.     Bass adopts and realleges Paragraphs 1- 22.

24.     Section 1692d of the FDCPA prohibits a debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

25.     By communicating incorrect information to the credit reporting agency, PRA violated § 1692d of the FDCPA.

26.     PRA's violation of §1692d of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  *See*, 15 U.S.C. § 1692k.

## VIOLATION OF § 1692f OF THE FDCPA -
## UNFAIR PRACTICES

27.     Bass adopts and realleges Paragraphs 1 – 26.

28.     § 1692f of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

29.     By communicating incorrect information to the credit reporting agency, PRA violated § 1692f of the FDCPA.

30.     PRA's violation of §1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  *See*, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Crystal Bass respectfully requests that the Court find that the Defendant, Portfolio Recovery Associates, LLC violated the FDCPA and enter judgment against

Defendant Portfolio Recovery Associates, LLC for actual damages, statutory damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k and all other just and proper relief.

Respectfully submitted,

/s/ Thomas G. Bradburn
Thomas G. Bradburn

**DEMAND FOR JURY TRIAL**

Plaintiff respectfully requests trial by jury.

Respectfully submitted,

/s/ Thomas G. Bradburn
Thomas G. Bradburn


Thomas G. Bradburn (15377-49)
Bradburn Law Firm
52 South 9th Street, Suite 10
Noblesville, IN  46060
Telephone (317) 475-0826
Email: tbradburn@bradburnlaw.com